orddmpr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

OCT 0 2 2000

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| EDWARD ANDERSON II, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-99-2145 |
| | § | |
| TDCJ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTIONS AND FOR MORE DEFINITE STATEMENT

This civil rights complaint, filed by twenty-eight plaintiffs through counsel, concerns alleged violations of the plaintiffs' constitutional rights while they were incarcerated in the Pam Lychner State Jail facility, part of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). The plaintiffs name fourteen defendants, mostly officers or guards employed by TDCJ-ID at the Lychner facility, and contend that their claims arise under 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and 1981-A, 42 U.S.C. § 1988, 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution, and "the other Civil Rights Acts and laws and constitutional provisions of the United States." In addition, the plaintiffs assert pendent claims arising under Texas law. *See* Complaint [Doc. #1], pp. 3, 11. The defendants have answered and have filed motions to dismiss, generally asking the court to dismiss the complaint under Fed.R.Civ.P. 12(b).

Although the complaint is not a *pro se* document, the court nevertheless finds that its factual and legal backgrounds are unclear. The incident giving rise to the complaint occurred

7

on July 7, 1997 at approximately 11:30 A.M., when the defendants ordered the plaintiffs to leave the dormitory area of the jail and to remain outdoors in the yard until approximately 5:45 P.M. The temperature that day allegedly exceeded one hundred degrees, and the plaintiffs suffered physical harm after remaining outdoors in such heat for the six-hour period, lacking shade, food, or water, clad only in shorts; the specific physical harm alleged is severe sunburn. The defendants are alleged to have acted this way because of the plaintiffs' race, color, national origin, and status as incarcerated individuals. In addition, the plaintiffs are said to have been "engaged in an activity protected by the Civil Rights Acts...." Complaint [Doc. #1], p. 4. However, the complaint does not specify the plaintiffs' race, color, or national origin, nor does it explain what protected activity was taking place. It is not even clear how the activity contributed to the defendants' motives, if at all.

The plaintiffs do not proceed *in forma pauperis*, but submitted the filing fee with the complaint. Nevertheless, the court must review the complaint under 28 U.S.C. § 1915A. The defendants point out, correctly, that the plaintiffs are not "employees", nor the defendants "employers", within the meaning of 42 U.S.C. §2000e *et seq*. *See, e.g.,* Motion to Dismiss by Defendants Quarterman, Bickham, Bennet, Farris, and Hector [Doc. #2], p. 2. Without more straightforward information, however, the court cannot determine the correctness of the defendants' other contentions. It is, therefore, ORDERED as follows:

1. The defendants' Motions to Dismiss [Docs. #2, #3, #4, and #5] are DENIED without prejudice to reconsideration after further development of the case.

2. The plaintiffs are ORDERED to file a more definite statement, **no later than**

2

**November 1, 2000**, answering the following specific questions. Fed.R.Civ.P. 12(e).

(a) Explain, briefly but in detail, the "activity protected by the Civil Rights Acts...." referenced in the complaint.

(b) Explain, briefly but in detail, how that activity contributed to the defendants' actions, if at all.

(c) Describe and explain the race, color, and national origin of the various plaintiffs, and explain how those attributes caused or affected the defendants' actions.

(d) Explain how each of the individual defendants acted in the July 7, 1997 incident.

(e) Why was there a "vast" amount of publicity given to the July 7, 1997 incident? Where did the publicity appear?

The plaintiffs are advised that failure to comply timely with this Order for More Definite Statement may result in dismissal of this complaint for want of prosecution, and for failure to comply with a court order.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on  30 September , 2000.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE